## BRASFIELD et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1925.)

No. 4489.

1. **Criminal law ⬩1053—Any error in addressing jury as to how they were divided numerically held not reviewable, without exception taken.**

Any error in act of court addressing question to jury, when they were brought into court, as to how they were divided numerically on question of defendant's guilt, *held* not presented for review, where no exception was taken at the time.

2. **Criminal law ⬩864—Questioning jury as to how they were divided numerically on question of defendant's guilt is not reversible error.**

Act of court in addressing question to jury, when they were brought into court, as to how they were divided numerically on question of defendant's guilt, is not in itself reversible error.

3. **Criminal law ⬩823(10)—Instruction that case was plain one held not reversible error, in view of other instructions.**

In liquor prosecution, instruction that case was a plain one, *held* not reversible error, irrespective of what the testimony may or may not have shown, in view of other instructions on circumstantial evidence and exclusive right of jury to pass on facts and credibility of witnesses.

Rudkin, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Wm. C. Van Fleet, Judge.

D. H. Brasfield and others were convicted of conspiracy relating to intoxicating liquors, and they bring error. Affirmed.

Preston & Duncan, of San Francisco, Cal., for plaintiffs in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error, with seven others, were, jointly indicted and charged with a conspiracy to receive unlawfully from carriers, possess unlawfully, and unlawfully transport intoxicating liquors. The evidence in the case is not before us, but from instructions of the court to the jury, not excepted to, enough appears to indicate that there was no abuse of legal process in lodging a charge of conspiracy against the plaintiffs in error, and that there was evidence tending to show a conspiracy to introduce into the country a large quantity of intoxicating liquors, and to possess and transport the same in violation of the law.

[1, 2] Two exceptions were taken to the instructions given by the court to the jury when the jury were brought into court on the day following that upon which they had retired to deliberate upon their verdict. At that time counsel for the plaintiffs in error took exception to the following portion of the charge: "This case is a very plain one. There is no question about it. There is the evidence on the one side and the evidence on the other. It is your duty to review that in a manner to reconcile it and to bring in a verdict if it is possible." Counsel for the plaintiffs in error further said: "May I also except to that portion of the statement that it is the duty of any juror to surrender his opinion? I do not think the law calls upon a juror to surrender a conscientious opinion." To which the court answered: "I have told them so. I have told them that a juror taking an attitude should be certain that it is based upon his conscientious conviction. It is my duty to so admonish them. It is to be based upon the evidence, and upon that alone, and not upon any consideration of bias or prejudice, or preconceived opinion, or pride of opinion, or anything of that kind."

Error is not assigned to the instructions so excepted to, but error is assigned to the question addressed by the court to the jury, when they were brought into court, as to how they were divided numerically. That assignment is unsupported by any exception taken at the time. For aught that appears in the record, counsel for the plaintiffs in error were willing that the inquiry should be made, and assented thereto. Such being the case, they are in no position now to predicate error thereon. As to the propriety of such an inquiry, we adhere to the views expressed by this court in Quong Duck v. United States, 293 F. 563, and by the Circuit Court of Appeals for the Fifth Circuit in Bernal v. United States, 241 F. 339, 154 C. C. A. 219 (certiorari denied 245 U. S. 672, 38 S. Ct. 192, 62 L. Ed. 540), that to address such a question to a jury is not in itself reversible error.

[3] Error is assigned to the following instruction: "I am not advising you what way your verdict should be, but I am advising you that the evidence in this case should leave no difficulty with you, if taken hold of in the proper spirit in bringing in a verdict." That assignment, and the exception to the

charge that "the case is a very plain one, there is no question about it," which, although unsupported by any assignment of error, we nevertheless entertain, bring before us the question whether the trial court went beyond permissible bounds in so instructing the jury. The instructions so excepted to should, in this court, be dealt with in the light of the fact that the evidence is not before us. For aught that we are informed by the record, the evidence may have so overwhelmingly established the guilt of the plaintiffs in error as to bring the case within the ruling of Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185, where the jury, on being recalled into court, were told that there really was no issue of fact for them to decide, and that a failure to bring in a verdict could only arise from a flagrant disregard of the evidence, the law, and their obligation as jurors.

In the present case the instructions of the court to the jury were far less coercive than those in the Horning Case. But, irrespective of what the testimony may or may not have shown, in the case at bar we are not persuaded that the court committed reversible error in instructing the jury that the case was a plain one, or, in other words, that it was not accompanied with complications; that it was merely one in which the "evidence on one side was opposed by evidence on the other," which evidence it was the jury's duty, if possible, to reconcile. The charge was fair and unusually elaborate and clear in defining conspiracy and explaining the elements of the offense charged. The court also charged that the evidence was circumstantial, and must be weighed by the rule controlling in such cases; explained the presumptions in favor of innocence, the value of evidence of good character, and the degree of certainty necessary to justify a conclusion of guilt. There was no expression of the opinion of the court as to the guilt or innocence of the plaintiffs in error, or as to how the case ought to be decided, or what the jury's verdict should be.

The court elsewhere instructed the jury that it was their exclusive right to pass upon the facts and the credibility of the witnesses. Said the court: "If, therefore, during the progress of this trial, you have gathered any impression, from anything which the court may have asked of a witness or uttered in your presence in any ruling it has made, as to the views or judgment of the court on the question of the guilt or innocence of the defendants, or either of them, or as to the weight of any evidence or the credibility of any witness, you will disregard such impression, and base your finding upon your own independent judgment as to what the evidence shows and the extent to which you will believe any witness." We find no reversible error. Simmons v. United States, 142 U. S. 151, 12 S. Ct. 171, 35 L. Ed. 968; Shea v. United States, 260 F. 807, 171 C. C. A. 533; Brolaski v. United States (C. C. A.) 279 F. 1; Suslak v. United States, 213 F. 913, 130 C. C. A. 391; Tuckerman v. United States (C. C. A.) 291 F. 958.

The judgment is affirmed.

RUDKIN, Circuit Judge, dissents.