Jesse Eugene DEARINGER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20443.

United States Court of Appeals
Ninth Circuit.
April 27, 1967.

Jesse Eugene Dearinger, in pro. per.

Eugene G. Cushing, U. S. Atty., Robert Williams, Charles W. Billinghurst, Asst. U. S. Attys., Tacoma, Wash., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and MATHES, District Judge.

MERRILL, Circuit Judge:

Appellant, convicted in 1963 of bank robbery and assault during a bank robbery (18 U.S.C. § 2113(a) and (d)), appealed to this court and secured a reversal for failure of the District Court to allow him to call witnesses against the advice of his counsel. Dearinger v. United States, 344 F.2d 309 (9th Cir. 1965). Upon retrial he was again found guilty and sentenced, and has again appealed. The case involves robbery of the University Place branch of the National Bank of Washington, near Tacoma, Washington, on November 21, 1962.

■ Prior to his second trial, appellant moved to suppress all evidence traceable to his having been subjected to a police lineup without benefit of counsel. (At his trial no direct evidence of the lineup was introduced, but he was identified by all witnesses who had picked him out of the lineup.) This court has recently held that lack of counsel at lineup does not constitute a violation of constitutional rights. Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966), cert. granted, Gilbert v. California, 384 U.S. 985, 86 S.Ct. 1902, 16 L.Ed.2d 1003 (1966).

Appellant contends, however, that his lineup was illegal as the product of an illegal arrest, relying upon Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); see also Gatlin v. United States, 117 U.S.App. D.C. 123, 326 F.2d 666 (D.C.Cir.1963);

Bynum v. United States, 104 U.S.App. D.C. 368, 262 F.2d 465 (D.C.Cir.1958).

The arrest here was not illegal. Appellant relies on the fact that while it was pursuant to warrant, the complaint upon which the warrant was issued was insufficient to establish probable cause since it recited only uncorroborated hearsay. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1957).

■■ However, upon appellant's motion to suppress, an affidavit of the F.B.I. agent in charge was filed, establishing that there was probable cause sufficient to support a warrantless arrest.[1] Such an arrest is valid despite an invalid warrant. Ferganchick v. United States, 374 F.2d 559 (9th Cir. 1967); Bell v. United States, 371 F.2d 35 (9th Cir. 1967).

Appellant asserts that the affidavit is irrelevant since the affiant was not the person making the arrest. He was, however, the officer in charge, and it is clear that the arresting officer was acting under his direction or instruction. This is sufficient. United States v. Bianco, 189 F.2d 716 (3d Cir. 1951); cf., Travis v. United States, 362 F.2d 477 (9th Cir. 1966), cert. denied, 385 U.S. 885, 87 S.Ct. 179, 17 L.Ed.2d 113 (1966); Bynum v. United States, supra.

Following trial, at 3:15 p. m. on June 24, 1965, the jury retired to deliberate. At 12:35 p. m. the following day they reported that they were unable to agree. The District Judge then gave the charge set forth in the margin.[2] Appellant contends that this was coercive.

1. The affidavit stated that affiant was the agent in charge of the investigation of the robbery; that he had received information from local police that Dearinger had been closely associated with one Shannon and another accomplice for several months prior to the arrests; that the police had observed them during that time; that a man had seen Dearinger outside the bank after the robbery and had described him to the sheriff and picked his photograph out of a group; that the physical description of one of the robbers given by bank employees and patrons generally matched that of Dearinger; that Shannon had con-

fessed and recited enough details of the robbery to assure the reliability of his confession.

2. "Ladies and gentlemen, this is an important case to the Defendant and to the United States as Plaintiff, and to the administration of justice. In all probability, there is nothing to indicate that it can better be tried or presented any more exhaustively than it has been on either side of the case. It is highly desirable from the standpoint of all concerned, the parties, everyone directly interested, the lawyers, the Court, and to the public that

**348**

■ The charge is much like that approved in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and in our judgment was not coercive. Walsh v. United States, 371 F.2d 135 (9th Cir. 1967); Henry v. United States, 361 F.2d 352 (9th Cir. 1966), cert. denied, 386 U.S. 957, 87 S.Ct. 1022, 18 L.Ed.2d 104 (1967); Hutson v. United States, 16 Alaska 485, 238 F.2d 167 (9th Cir. 1956).

Prior to his first trial appellant's bail was set at $15,000. Pending the second trial it was raised to $20,000. Upon appellant's motion prior to his second trial, reduction was denied. On this appeal he asserts that bail was excessive and that the refusal to reduce prejudiced his ability to prepare his case.

■■ We do not find the bail excessive under the circumstances. Furthermore we find no prejudice in preparation of his case for trial. Appellant's motion for reduction was made four days before trial (two years after his arrest). He had adequate access to family and counsel. He points to no specific instance of prejudice.

Judgment affirmed.

---

you agree upon a verdict, if that be possible.

The Court does not want any juror to surrender his or her conscientious conviction. Each juror should perform his or her duty conscientiously and honestly according to the laws and the evidence. Although, the verdict to which a juror agrees, of course, must be his or her own verdict, the result of his or her own convictions, and not a mere acquiescence in the conclusions of other jurors, yet in order to bring 12 minds to a unanimous result, you must submit the questions submitted to you with candor and with a proper regard for and deference to the opinions of each other.

You should consider that the case at sometime must be decided and that you were selected in the same manner and from the same source from which any future jury must be selected, and there is no reason to suppose that the case will ever be submitted to a jury more intelligent, more impartial, or more competent to decide it, or that more clear evidence will be produced on one side or the other.

In conferring together you ought to pay proper respect to each other's opinions with an open minded disposition to be convinced by each other's arguments. On the one hand, if the larger number of your panel are for conviction, the dissenting juror or jurors should consider whether a doubt in his or her own mind is a reasonable one which makes no impression upon the minds of so many persons equally honest with the same intention, with the same desire to arrive at the truth and under the sanctity of the same oath.

On the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably and ought not to doubt the correctness of a judgment which is not concurred in by most of those with whom they are associated in the jury and to distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their co-jurors.

This is to say that you must not, any of you, adopt a stubborn, close-minded attitude toward your responsibilities here. It is important that you should reach and arrive at a verdict one way or the other but only, of course, according to your convictions. You must not by reason of having taken a position at one time or another in the discussions then just stubbornly adhere to that position without listening carefully and re-examining your views and re-examining the suggestions and ideas expressed by the other jurors with a view of ultimately reaching a verdict in which you can conscientiously join. This is very important, and I urge that you give full consideration to the matters I have suggested.

In making this statement I again emphasize that no jurors should surrender his or her conscientious conviction and a verdict arrived at and to which a juror agrees must be his or her own verdict, the result of his or her own finally-reached conclusions and convictions and not a mere acquiescence in the conclusion of others.

I suggest that you retire again and carefully consider all of the evidence in the light of the Court's previous instructions yesterday and upon due and full consideration of the instruction that I have now given you. I am obliged to ask that you again retire, and the Court will wait for a further message from you after your continued deliberations.

The jury will retire."