**UNITED STATES of America,
Appellee,**

v.

**Ronald Matthew WILLIAMS, Appellant.**

**No. 26492.**

United States Court of Appeals,
Ninth Circuit.

June 2, 1971.

T. Roger Duncan, Hollywood, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division; Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

The appellant was indicted upon two counts of violation of the federal counterfeit laws. Both counts charged a violation of 18 U.S.C. § 472 (passing counterfeit money), on or about February 4, 1970. He was tried before a jury, found guilty on both counts and committed on both to the custody of the Attorney General under the Federal Youth Corrections Act (18 U.S.C. § 5010(b)). The commitments were concurrent. Both offenses took place in the early morning hours at two separate gasoline service stations when the appellant demanded gasoline and oil which his car did not need and paid for the nominal purchases with counterfeit bills, receiving the change. Appellant's contention that the jury verdict was not supported by the evidence is without merit.

During the deliberations the foreman of the jury sent the following message to the judge:

"We have a hung jury of 9–3. What do we do now?"

The court thereupon consulted counsel and then proceeded to give an instruction sometimes known as the "Allen Instruction." [1]

The trial court was not precluded from giving this instruction by the fact that the jury made an unsolicited disclosure of their numerical division only. United States v. Rao, 394 F.2d 354 (2nd Cir.), cert. denied, 393 U.S. 845, 89 S. Ct. 129, 21 L.Ed.2d 116 (1968); Bowen v. United States, 153 F.2d 747 (8th Cir.), cert. denied, 328 U.S. 835, 66 S.Ct. 980, 90 L.Ed. 1611 (1946).

Judgment affirmed.

---

1. Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896), but almost identical with the instruction approved by this court in Dearinger v. United States, 378 F.2d 346, 347–348 (9th Cir. 1967).