**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Martin CONTRERAS, Defendant-Appellant.**

No. 72–1244.

United States Court of Appeals,
Ninth Circuit.

July 25, 1972.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Philip DeMassa (argued), San Diego, Cal., for defendant-appellant.

Lyn Goldberg, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY and CHOY, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

Frank M. Contreras appeals his conviction by a jury of smuggling, knowingly receiving, concealing, and facilitating the transportation and concealment within the United States of nearly two million amphetamine tablets, and of conspiring to commit the substantive crimes, in violation of 18 U.S.C. §§ 371 and 545. We reverse and remand for a new trial.

The jury received the case on a Friday afternoon, and deliberated for forty minutes without reaching a verdict. It reconvened at 8:45 on Monday morning, and deliberated until 3:45 p. m., when it requested and was given further instructions on the definitions of evidence and conspiracy. On the trial judge's inquiry, the jury foreman disclosed that the panel had not reached a verdict on any count of the indictment. *Sua sponte,* the judge then gave the jury a modified version of the instruction approved in Allen v. United States, 164 U. S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).[1] The jury retired, and thirty-five minutes later returned with the guilty verdict.

Within the circumstances of this case, the Allen charge was premature. We have a profound feeling that it was coercive upon the jury.[2] The Allen instruction "certainly should be given only when it is apparent to the district judge from the jury's conduct or the length of its deliberations that it is clearly warranted." Sullivan v. United States, 414 F.2d 714, 716 (9th Cir. 1969). Here, although the jury had deliberated for nearly eight hours, there was no indication that it was deadlocked. Compare *Sullivan, supra,* and Dearinger v. United States, 378 F.2d 346 (9th Cir. 1967). In seeking clarification of the judge's instructions, the jury did not indicate that it was having trouble reaching a unanimous verdict.

We also have grave reservations about the prosecution's evasion of the spirit, if not the letter, of the pre-trial omnibus procedure utilized in this case.[3] But, given our view that the Allen instruction was not "clearly warranted," we

---

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

1. The instruction given was identical to that in Dearinger v. United States, 378 F.2d 346, 347, n. 2 (9th Cir. 1967). On the Allen charge in general, see Anno., 100 ALR 2d 177 (1965).

2. Since we find the Allen charge coercive in this case, we decline Contreras' invitation to hold that the Allen instruction is coercive per se and to bar its use in this Circuit. Compare United States v. Thomas, 146 U.S.App.D.C. 1177, 449 F.2d 1177 (D.C.Cir. 1971); United States v. Brown, 411 F.2d 930 (7th Cir. 1969); and United States v. Fioravanti, 412 F. 2d 407 (3rd Cir. 1969).

3. The omnibus hearing utilized in the Southern District of California provides for *complete disclosure* to the defense in criminal cases of all evidence possessed by the Government. See, generally, West, "The Omnibus Hearing—an Experiment in Federal Criminal Discovery," 5 San Diego L.Rev. 293 (1968). This procedure is especially designed to acquaint defense counsel with all prior acts by the defendant upon which the Government intends to rely. *Ibid.,* at 309–310.

need not consider whether the Government's refusal to disclose its evidence of prior acts constituted prejudicial error.

Reversed and remanded for a new trial.