**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Glenn Dale SEAWELL,
Defendant-Appellant.**

**No. 77–3076.**

United States Court of Appeals,
Ninth Circuit.

June 28, 1978.

Rehearing and Rehearing En Banc
Denied Sept. 27, 1978.

Certiorari Denied Nov. 27, 1978.
See 99 S.Ct. 591.

Hug, Circuit Judge, concurred and filed opinion.

Anne Flower Cumings (argued), of Cumings, Jordan & Morgan, San Francisco, Cal., for defendant-appellant.

Eb. Luckel, Jr., Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

Before ANDERSON and HUG, Circuit Judges and MUECKE, District Judge.*

MUECKE, District Judge.

This is a straightforward attack on the giving of an *Allen* instruction, with the sole claim of error that such a charge has inherent constitutional defects and therefore should be abolished as a matter of judicial policy.

The appeal in this case arises out of a retrial and second conviction of appellant for violation of 18 U.S.C. § 2113(a), (d), armed bank robbery and the use of a firearm in the commission.

In the first trial, this court reversed the conviction [1] and remanded the matter for a new trial on the grounds that the giving of a second modified *Allen* charge, in response

---

* Honorable C. A. Muecke, United States District Judge, District of Arizona, sitting by designation.

1. *United States v. Seawall,* 550 F.2d 1159 (9th Cir. 1977).

to a jury's report of deadlock, has such coercive implications that it should, as a sound rule of practice, be prohibited. This court concluded that permitting the *Allen* charge to be given twice in a federal prose- cution would be an unwarranted expansion of its use, and is error per se.

Appellant now seeks a ruling that the giving of the *Allen*[2] instruction even once, as in this retrial, is error per se.

2. The instruction given by the court in this case reads as follows:

Now ladies and gentlemen, after discussing this situation with counsel, I have decided to suggest a few thoughts to you. This is an important case. The trial has been expensive, both in time, effort and money to both the defense and the prosecution. If you should fail to agree on a verdict, the case will be left open and undecided.

Like all cases it must be disposed of sometime. There appears no reason to believe that another trial would not be costly to both sides, nor does there appear to be any reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried this time.

Any future jurors must be selected in the same manner and from the same source from which you have been chosen, so there appears no reason to believe that the case would ever be submitted to twelve men and women more conscientious, more impartial or more competent to decide it or that more clearer evidence could be produced on behalf of either side.

Of course, these things suggest themselves upon brief reflection to all of us who sat through this trial so far. The only reason I mention them now is because some of them may have escaped your attention which must have been fully occupied up to this time in reviewing the evidence in the case. They are matters which, along with other and perhaps more obvious ones, remind us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time the case was submitted for your decision, you should not surrender your honest convictions as to the weight or affect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict.

However, it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Each of you must decide the case for himself, but you should do so only after a consideration of the evidence in the case with your fellow jurors and in the course of your deliberations you should not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.

In order to bring twelve minds to unanimous verdict, you must examine the question sub- mitted to you with candor and frankness and with proper deference to and regard for the opinions of others and each other. That is to say, in conferring together, each of you should pay due attention and respect to the view of others, and listen to each other's argument with a disposition to re-examine your own views.

If much the greater number of you are for a conviction, each dissenting juror ought to consider whether a doubt in his or her own mind is a reasonable one, since it makes no effective impression upon the minds of so many equally honest, equally conscientious fellow jurors who bear the same responsibility under the same oath and have heard the same evidence and we may assume the same attention and equal desire to arrive at the truth.

On the other hand, if a majority or even a lesser number of you are for acquittal, other jurors ought seriously to ask themselves again and most thoughtfully whether they do not have reason to doubt the correctness of a judgment which is not concurred in by many of their fellow jurors and whether they should not discuss the weight and sufficiency of the evidence which fails to convince the minds of several of their fellows beyond a reasonable doubt.

As you know, you are not partisans; you are judges, judges of the facts. You're sole interest here is to seek the truth from the evidence in the case. You are the exclusive judges of the credibility of all the witnesses and the weight and effect of all the evidence. In the performance of this high duty, you are at liberty to disregard all comments of both court and counsel, including, of course, the remarks I'm now making to you. Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight and affect of the evidence, but remember also that after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and conscience.

Remember too, if the evidence in the case fails to establish guilty beyond a reasonable doubt, the accused should have your unanimous verdict of not guilty. In order to make a decision more practicable, the law imposes the burden of proof upon one party or the other in all cases, in the present case, the burden of proof is only on the Government.

There is no argument by appellant that a consideration of all the circumstances in the case warrant a finding of error, which is the general test usually applied. *Jenkins v. United States,* 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965). Appellant, however, has noted that no conviction of appellant has occurred in the absence of the giving of an *Allen* instruction. Appellant's Reply Brief, p. 4.

Joining appellant in argument on appeal, the "California Attorneys for Criminal Justice" were granted leave to file an amicus curiae brief. They too argue that the *Allen* instruction is inherently coercive to both a minority and majority of jurors, and undermines the rule that each juror must be persuaded beyond a reasonable doubt. Amicus Curiae Brief, p. 1.

This court has consistently upheld this form of the *Allen* charge.[3] Even if we

> Keep constantly in mind that unless your final conscientious appraisals of the evidence in the case clearly requires it, the accused should never be exposed to the risk of having to run the gamut of criminal prosecution and to enduring a second time the mental, emotional and financial strain of a criminal trial. You may conduct your deliberations as you choose, but I suggest that you now carefully re-examine and reconsider all the evidence in the case bearing upon the question before you.
> You may be as leisurely in your deliberations as the occasion shall require and you shall take all the time that you feel is necessary. Now, with those thoughts and instructions, I'm going to ask you to go out again for another time and see what you can do. I'll be available and I'll ask you now to again try reaching a conclusion. Appellant's Opening Brief, ps. 10, 11, 12.

**3.** *U. S. v. Weiner,* slip op. 1576, 578 F.2d 757 (9th Cir. 1978); *U. S. v. Seawell,* 550 F.2d 1159 (9th Cir. 1977); *U. S. v. Peterson,* 549 F.2d 654 (9th Cir. 1977); *Marsh v. Cupp,* 536 F.2d 1287 (9th Cir. 1976) cert. denied 429 U.S. 981, 97 S.Ct. 494, 50 L.Ed.2d 590; *U. S. v. Handy,* 454 F.2d 885 (9th Cir. 1971) cert. denied 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86; *U. S. v. Williams,* 444 F.2d 108 (9th Cir. 1971); *U. S. v. Moore,* 429 F.2d 1305 (9th Cir. 1971); *Sullivan v. U. S.,* 414 F.2d 714 (9th Cir. 1969); *Dearinger v. U. S.,* 378 F.2d 346 (9th Cir. 1967) cert.

were free to do so we see no reason, on this record, to change this view.

AFFIRMED.

HUG, Circuit Judge, concurring:

The majority opinion concludes that it is the law of this circuit that the *Allen* charge is proper absent unusual circumstances of coercion. With this I agree. The final observation of the opinion is that there is no reason to change this view. With this I disagree. The *Allen* charge itself, regardless of timing or circumstances, puts unjustified pressure on the minority of jurors to surrender their honest convictions. It indicates that a second trial will be necessary, which is not the fact. It emphasizes the costs of another trial, which clearly is an inappropriate consideration for the jury. This type of charge has been disapproved by three circuits[1] and 23 states[2] and has been severely criticized by numerous commentaries.[3]

denied 396 U.S. 1030, 90 S.Ct. 603, 24 L.Ed.2d 525; *Walsh v. U. S.,* 371 F.2d 135 (9th Cir. 1967) cert. denied 388 U.S. 915, 87 S.Ct. 2130, 18 L.Ed.2d 1357; *Kawakita v. U. S.,* 190 F.2d 506 (9th Cir. 1952) affirmed 343 U.S. 717, 72 S.Ct. 950, 96 L.Ed. 1249 (1952); *Shea v. U. S.,* 260 F. 807 (9th Cir. 1919).

**1.** See *United States v. Fioravanti,* 412 F.2d 407 (3rd Cir. 1969), cert. denied sub nom. *Panaccione v. United States,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969); *United States v. Brown,* 411 F.2d 930 (7th Cir. 1969); *United States v. Thomas,* 146 U.S.App.D.C. 101, 449 F.2d 1177 (1971).

**2.** See *People v. Gainer,* 19 Cal.3d 835, 139 Cal. Rptr. 861, 566 P.2d 997 (1977) and cases from 22 other states cited, 139 Cal.Rptr. at 866–7, footnote 8, 566 P.2d at 1002–3, footnote 8.

**3.** Note, *An Argument for the Abandonment of the Allen Charge in California* (1975) 15 Santa Clara Law 939; Note, *The Allen Charge: Recurring Problems and Recent Developments* (1972) 47 N.Y.U.L.Rev. 296; Note, *Due Process, Judicial Economy and the Hung Jury: A Reexamination of the Allen Charge* (1967) 53 Va.L.Rev. 123; Note, *Deadlocked Juries and Dynamite: A Critical Look at the "Allen" Charge* (1964) 31 U.Chi.L.Rev. 386.

Nevertheless, although I am of the belief that there are compelling reasons for changing this circuit's rule, I concur in this case only because of the well established principle that a panel of this court may not reexamine and reverse the existing case law. That is a task more properly left to this court sitting *en banc*. *United States v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977).