967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Walter GIRARD, Defendant-Appellant.
 No. 90-10498.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 17, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Girard claims the district court should have suppressed his statements to the Bureau of Alcohol, Tobacco and Firearms agents as involuntary. He claims he was coerced into making incriminating statements by the agents' assurances that Girard's friend was the object of their investigation, and by their promises that Girard would not be arrested.
 
 
 3
 The agents asked Girard if they could come into his house and ask him some questions. He readily agreed. They informed him that he was not under arrest, they did not plan to arrest him, and the purpose of their visit was to get information on his roommate's possession of a firearm. The record indicates those statements were true when made. However, when the agents asked Girard if he knew anything about the sawed-off shotgun they had found during the search of his house two weeks earlier, he told them it had been given to him and he "knew it was illegal" because its barrel was under the legal length. The agents did not read him the Miranda rights,[1] but they did inform him the statements he was making would be presented to the United States Attorney who would decide whether to prosecute him.
 
 
 4
 The agents did not make the kind of affirmative misrepresentations that would render Girard's subsequent statements involuntary. See, e.g., Collazo v. Estelle, 940 F.2d 411, 419 (9th Cir.1991) (en banc). They did not promise he would never be arrested or prosecuted; they simply told him, truthfully, that he was not a suspect and they did not plan to arrest him. The fact that he voluntarily made statements that changed the focus of the investigation does not turn their assurances into misrepresentations.
 
 
 5
 Girard further claims his suppression motion should have been granted because he could not read the copy of the statement the agents had him sign, as he had broken his glasses. At the suppression hearing, the agents testified they did not recall Girard's mentioning that he could not read the statement, and Girard admitted initialling a number of corrections on the statement before signing it. Most significantly, Girard did not claim at the hearing, and does not claim on appeal, that the written statement did not accurately reflect his oral admissions. The district court did not err in denying the motion to suppress.
 
 
 6
 Girard also argues the Allen charge given by the district judge was impermissibly coercive. We evaluate coerciveness by examining the instruction in context. United States v. Beattie, 613 F.2d 762, 764 (9th Cir.1980). We consider the form of the instruction, the period of deliberation following it, the total time of deliberation, and any indicia of pressure or coerciveness on the jury. United States v. Foster, 711 F.2d 871, 884 (9th Cir.1983).
 
 
 7
 The instruction given here was virtually identical to the one approved in Dearinger v. United States, 378 F.2d 346, 347 n. 2 (9th Cir.1967). The only difference was that the court, in accordance with Girard's wishes, left out two paragraphs of the Dearinger instruction that cautioned jurors in the minority to re-examine their views in light of those of the majority. Although the jury reached its verdict forty minutes after receiving the instruction, a relatively short time, they had deliberated for five hours before becoming deadlocked, also a relatively short time. Neither the period of pre-instruction deliberation nor any other record evidence indicates the instruction was delivered in an atmosphere of frustration over the inability to reach a verdict. See United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985).[2] In these circumstances, the Allen charge was not unduly coercive.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Girard does not claim that he should have been read his Miranda rights, although he claims that failure to do so is a "factor" to consider in evaluating whether his statements were voluntary
 
 
 [2]
 Girard's reliance on United States v. Contreras, 463 F.2d 773 (9th Cir.1972), is misplaced. We found reversible error in that case not because the jury reached a verdict thirty-five minutes after receiving an Allen instruction but because the charge was given sua sponte with no indication that the jury was experiencing any trouble in reaching a verdict, must less that it was deadlocked. Id. at 774