972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conni S. BLACK, Defendant-Appellant.
 No. 91-10484.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided July 16, 1992.
 
 Before ALARCON, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Conni S. Black appeals a jury verdict convicting her of conspiracy to commit murder by using the mails and by hiring an assassin in interstate commerce in violation of 18 U.S.C. § 371. We affirm.
 
 
 3
 * The government called Michael McMain, Randy Black's divorce lawyer, to help establish Black's motive and to set the background of the alleged conspiracy. Black appears to argue that the district court erred by permitting McMain to testify about the Kentucky divorce proceedings without requiring the testimony of Deanna Dennison, Black's lawyer both in the Kentucky proceedings and in the criminal trial below. Black did not object to McMain's testimony.
 
 
 4
 Black is apparently arguing that admission of McMain's testimony was unfairly prejudicial under Federal Rule of Evidence 403. Black failed to object, and we see no plain error. Black was, of course, free to offer evidence in rebuttal to McMain's testimony, such as Dennison's testimony or any other evidence bearing on her motive to kill Randy Black and McKinley.
 
 
 5
 Black also appears to argue that the district court erred by permitting McMain to testify even though he was not disclosed by the government as an expected witness before trial. There is no legal basis for this argument because "[t]he government need not furnish the defendant with a list of witnesses in a non-capital case." United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir.1980). Moreover, Black's counsel signed a Joint Discovery Statement which provided that the government had no obligation to reveal witnesses absent conditions which Black does not argue were present here.
 
 II
 
 6
 Black complains that "the jury was never instructed that it may draw no inference against the accused because of assertion of attorney-client privilege." Black did not request such an instruction below.
 
 
 7
 Black has pointed to absolutely nothing in the record to support her claim that the government sought to have the jury draw inferences from her use of the attorney-client privilege. Black points only to a brief portion of McMain's direct testimony in which McMain briefly explains the privilege and the fact that Randy Black has waived it. The other page cited by Black shows testimony by McMain concerning Baumgarner's discussions with McMain. The closing statements reveal no mention of anyone's attorney-client privilege. There is simply no basis in the record for Black's argument that the government improperly commented upon her invocation of the attorney-client privilege.
 
 III
 
 8
 Black argues that she was provided with ineffective assistance of counsel because Dennison had a conflict of interest. "Because of the factual nature of a claim of ineffective assistance of counsel, the issue is properly brought on a habeas corpus petition rather than on direct appeal." United States v. O'Neal, 937 F.2d 1369, 1376 (9th Cir.1990). This court can, however, decide the issue if it considers the record sufficiently developed. Id.
 
 
 9
 Black's motion for judicial notice indicates the extent to which the present record is deficient for purposes of evaluating her claim. Black requests that the court take notice of newspaper articles concerning lawyer Dennison as evidence that Dennison's interest in self-promotion conflicted with her defense of Black. Her motion also requests that the court take notice of "the difficult economics of the practice of law for small firms and sole practitioners nowadays, including in Kentucky, and the commonly recognized belief in the profession that publicity in sensational cases draws business." Because Black's claim requires the development of a factual record, we decline to hear this argument on direct appeal and deny her motion to take judicial notice of her proffered evidence.
 
 IV
 
 10
 Finally, Black argues that the court's jury instruction based on Allen v. United States, 164 U.S. 492 (1896), was coercive. See United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988) (Allen charge is improper if it has coercive jury). This court takes into account four factors to determine if an Allen charge had a coercive effect in a particular case: " '(1) the form of the instruction; (2) the period of deliberation following the Allen charge; (3) the total time of jury deliberations; and (4) the indicia of coerciveness or pressure upon the jury.' " Id. (quoting United States v. Foster, 711 F.2d 871, 884 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984)).
 
 
 11
 The instruction given below is virtually identical to the one we held in United States v. Seawell, 583 F.2d 416, 417 n. 2 (9th Cir.), cert. denied, 439 U.S. 991 (1978), was not error per se. See also United States v. Marchini, 797 F.2d 759, 767 (9th Cir.1986) (similarly-phrased instruction did not constitute plain error), cert. denied, 479 U.S. 1085 (1987). Although the district court did omit some language from the Seawell instruction relating to reasonable doubt, the district court prefaced its Allen charge with a reminder to the jury that its original reasonable doubt instruction remained unchanged. Black's counsel, who had originally objected to the Allen charge on the basis that the judge should reiterate the reasonable doubt instruction, responded "Okay" when the judge proposed his prefatory remarks.
 
 
 12
 "[I]t is the law of this circuit that the Allen charge is proper absent unusual circumstances or coercion." Seawell, 583 F.2d at 418 (Hug, J., concurring) (arguing that law of circuit is misguided). Black has alleged no circumstances which render this an unusual case. The jury had deliberated for approximately two full days before the charge was given. The jury deliberated for another hour and forty minutes after the Allen charge and continued its deliberations until 2:15 the following afternoon when it returned a verdict. Black has not shown plain error based on the giving of the Allen charge.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3