8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anson HUMEUMPTEWA, Defendant-Appellant.
 No. 93-10129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anson Humeumptewa appeals his conviction, following a jury trial, for abusive sexual contact in violation of 18 U.S.C. §§ 1153, 2244(a). Humeumptewa argues that the district court's Allen instruction impermissibly coerced the jury during its deliberations.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's instructions to the jury. United States v. Cuozzo, 962 F.2d 945, 951 (9th Cir.), cert. denied, 113 S.Ct. 475 (1992) In reviewing an Allen instruction, "we consider whether the instruction, taken in its context, had a coercive effect." Id. We assess the coerciveness of a supplemental instruction by looking at "the form of the jury charge, the period of deliberation following the charge, the total time of deliberation, and other indicia of coerciveness or pressure." Id.
 
 
 4
 Here, after three and one-half hours in the afternoon of the first day of deliberations, the jury foreman sent a note to the judge indicating that the jury was having a problem understanding the terms "reasonable doubt" and "intent" and asked for help with the definitions. The judge conferred with counsel and then sent the jury home.
 
 
 5
 Upon the jury's return at 9:00 the next morning, the court sent them eleven additional copies of the instructions with a note stating "[i]n response to your questions the Court suggests you review all of the instructions. To assist you in this regard, additional sets are provided so each member of the jury will have a set." Following one and one-half hours of deliberations, the jury foreman sent a note to the judge stating "[w]e cannot reach agreement. We are at the same point as yesterday when we took our first vote." The judge reconvened the court and in the absence of the jury discussed a proposed Allen instruction with counsel. Humeumptewa objected to a portion of the instruction but did not offer an alternate instruction.
 
 
 6
 When the jury returned, the foreman stated that further deliberations would not result in the jury reaching a verdict. The court then gave the jury the proposed Allen instruction. The jury resumed its deliberations and returned a guilty verdict in thirty minutes.
 
 
 7
 Humeumptewa argues the jury was coerced into reaching a verdict because language of the Allen instruction implied that a second trial would be a waste of time and resources. He also argues that the short period of deliberation after the court gave the instruction demonstrates coercion. These arguments are unpersuasive.
 
 
 8
 As the government correctly notes, we have previously upheld a virtually identical Allen instruction as not coercive. See Dearinger v. United States, 378 F.2d 346, 347 n. 2 (9th Cir.), cert. denied, 389 U.S. 885 (1967), and cert. denied, 396 U.S. 1030 (1970); see also United States v. Miranda, 986 F.2d 1283, 1286 (9th Cir.) (upholding analogous Allen instruction), cert. denied, 113 S.Ct. 2393 (1993). Further, given the simplicity of the issue presented to the jury, the timing of the verdict was not suspiciously short to suggest coercion. See United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985) (per curiam) (verdict rendered shortly after the court's Allen instruction did not raise suspicion of coercion due to simple nature of issue presented to the jury); cf. United States v. Contreras, 463 F.2d 773, 774 (9th Cir.1972) (per curiam) (jury verdict rendered thirty-five minutes after court's sua sponte Allen charge was impermissibly coercive where jury did not indicate that it was deadlocked or was having trouble reaching a unanimous verdict). Neither Humeumptewa nor the record indicate that the Allen charge was given in an atmosphere of jury frustration over its inability to reach a verdict or that the court knew how the jurors stood. Under these circumstances, we conclude that there was no impermissible pressure on the jury to reach a verdict. See Dearinger, 378 F.2d at 348.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Allen v. United States, 164 U.S. 492 (1896)