**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10456 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-08216-DGC-2 |
| v. | |
| DEANE JAMES YOUNG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10457 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-08216-DGC-1 |
| v. | |
| SHELIA RUTH YOUNG, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted September 12, 2014
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     SCHROEDER and W. FLETCHER, Circuit Judges, and CURIEL, District Judge.[**]

Deane and Shelia Young appeal their convictions, arguing that the district court erred by reading a supplementary *Allen* instruction to the jury and thereby impermissibly coerced the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review the district court's decision to give an *Allen* charge for abuse of discretion. *United States v. Daas*, 198 F.3d 1167, 1179 (9th Cir. 1999). We "must uphold the district court's decision unless the record makes it clear that the *Allen* charge had a coercive effect on the jury." *Id.* An *Allen* charge has the potential for improper coercion because individual jurors may feel pressured to abandon sincerely held beliefs in service of reaching a verdict. *See United States v. Mason*, 658 F.2d 1263, 1265 n.1 (9th Cir. 1981). Whether the court has improperly coerced a jury's verdict is a mixed question of law and fact that we review de novo. *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007). If defense counsel does not object to the instruction, however, we review for plain error. *United States v. Banks*, 514 F.3d 959, 974 (9th Cir. 2008). Shelia Young's

---

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

attorney agreed that the instruction was proper, so our review as to her appeal is plain error. The parties agree that the abuse of discretion standard is appropriate with regard to Deane Young's appeal.

The Youngs claim that the court gave the *Allen* charge prematurely. We disagree. In *United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002), the jury sent a note to the court stating: "We have not been able to reach a unanimous verdict. How do we proceed from this point forward?" We held that this "specific indication by the foreman that the jury had reached an impasse" was sufficient to show that the jury was deadlocked for purposes of an *Allen* charge. *Id.* at 911. In contrast, in *United States v. Contreras*, 463 F.2d 773, 774 (9th Cir. 1972), we held that an *Allen* charge was premature where the court gave it *sua sponte* after the jury had requested further instructions on two legal questions, but had not notified the court that it was deadlocked. The first jury note here stated, "At this time we're hung," and asked for more information about the timing and procedures for a hung jury and about finishing the day's deliberations before returning the next morning. This note alerted the court that the jury was having trouble reaching a verdict in essentially the same form as the note we held sufficient in *Steele*. *See Contreras*, 463 F.2d at 774; *Steele*, 298 F.3d at 910.

Even if the charge was premature, we would find reversible error only if it impermissibly coerced the jury. *Steele*, 298 F.3d at 911. To determine whether an *Allen* charge imposed impermissibly coercive pressure on the jury, we evaluate: (1) the form of the instruction; (2) the duration of jury deliberation following the instruction both absolutely and in relation to the total duration of the deliberations; and (3) any other indicia of coercion that may be present. *Berger*, 473 F.3d at 1090. The key underlying principle is that "the integrity of individual conscience in the jury deliberation process must not be compromised." *Mason*, 658 F.2d at 1268. None of the three factors supports the Youngs' claim in this case.

**AFFIRMED.**