**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Benjamin BONAM,**
**Defendant-Appellant.**

**No. 84–5156.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 1985.

Decided Oct. 1, 1985.

Robert C. Bonner, U.S. Atty., Robert L. Brosio, Enrique Romero, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Philip Jefferson, Los Angeles, Cal., for defendant-appellant.

Before HUG and BOOCHEVER, Circuit Judges, and GEORGE,* District Judge.

PER CURIAM:

Appellant Benjamin Curtis Bonam appeals his conviction for delay of mail entrusted to him, in his capacity as a Postal Service employee, in violation of 18 U.S.C. § 1703 (1982). Bonam argues that the district court erred when it gave the jury an *Allen* charge after the foreman indicated that the jury was deadlocked. We affirm.

The Postal Service suspected Bonam of opening packages he was assigned to load. It planted inside one package a device designed to emit a signal if the package was opened. While Bonam was loading the package, the device signaled and postal investigators rushing to Bonam's work area found an open package. Bonam was indicted and tried. Deliberation in this case began at 10:00 a.m., April 11, 1984. At 11:00 a.m., the jury sent the judge a note saying, "At this time, we the jury are unable to reach a unanimous verdict." The district court conferred with counsel and responded, "I have received your note and discussed it with counsel. I do not believe you deliberated long enough. You are instructed to continue your deliberations for the purpose of reaching a verdict." At 4:45 p.m., the jury wrote the judge, "We the jury are at a stalemate and opinion cannot be altered. The situation has not changed since 11:00 a.m. 'Nothing is going to change. Please advise.'" The court

conferred with counsel and then sent the jury home.

On the jury's return at 9:00 the next morning, the court gave the jury a form of the *Allen* charge. The court informed the jury that the trial "has been expensive in time, and effort and money to both defense and the prosecution" and that the case would have to be retried if no verdict was reached. He requested that those in the minority again evaluate their opinions and those of the other jurors, but cautioned that no juror "should yield a conscientious conviction" in order to achieve unanimity. At 10:30 a.m., the jury returned its verdict of guilty.

This circuit permits the use of an *Allen* charge as a supplemental instruction. *United States v. Mason*, 658 F.2d 1263, 1266 (9th Cir.1981). The instruction given in this case is essentially the same as that given and upheld in *United States v. Seawell*, 583 F.2d 416 (9th Cir.), *cert. denied*, 439 U.S. 991, 99 S.Ct. 591, 58 L.Ed.2d 666 (1978). However, we noted in *Seawell* that it stands at the brink of impermissible coercion.

One element of the instruction given here and in *Seawell* that has no proper place before the jury is the indication that, if the jury fails to reach a verdict, the case will have to be retried and thus cause additional expense to the prosecution and defense. First, it is not true that the case will have to be retried; that is a matter of prosecutorial discretion. Second, the expense of trial should not play any part in the jury's important function of determining the guilt or innocence of a criminal defendant. *See Mason*, 658 F.2d at 1267. However, as held in *Seawell* and noted in *Mason*, the addition of these comments did not necessarily make the instruction more coercive or require reversal. We admonish that under other circumstances the use of this element of the instruction may require reversal.

* The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

Whether the instruction as given, under the circumstances it is given, coerces a jury into rendering a verdict is our major concern. The instruction given in this case did stress in two places that a juror should not surrender his or her honest convictions. When the portion of the instruction that asks the minority to re-examine its views is counterbalanced by the caution that a juror should not abandon his conscientiously held views, we have generally upheld the instruction as not coercive. *See Mason*, 658 F.2d at 1267–68. In this case, the jurors were cautioned not to abandon their conscientiously held views.

A jury verdict reached immediately after an *Allen* charge can be an indication of coercion. In this case, the jury deliberated for an hour and one-half after the instruction was given. This was not an immediate post-charge guilty verdict nor was the verdict rendered in such a short period of time as to raise a suspicion of coercion. *See United States v. Beattie*, 613 F.2d 762, 765–66 (9th Cir.), *cert. denied*, 446 U.S. 982, 100 S.Ct. 2962, 64 L.Ed.2d 838 (1980). This is especially true given the simple nature of the issue presented to the jury, which was basically whether the defendant opened the piece of mail as alleged.

There also is no indication that the instruction was given in an atmosphere of frustration over the deadlock and no indication that the trial judge knew how the jurors stood. The judge told the jurors that they should deliberate in a leisurely fashion and take all the time they felt necessary.

We find that, under the circumstances of this case, the instruction given did not result in coercion of the jury in reaching its verdict.

AFFIRMED.