951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
T. Andrew GARRETT, Defendant-Appellant.
 No. 90-30435.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 T. Andrew Garrett appeals his conviction on four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and one count of use of a firearm in relation to bank robbery, in violation of 18 U.S.C. § 924(c)(1). He contends that the district court abused its discretion in delivering an Allen charge to the jury after the foreperson indicated that the jury was unable to reach a verdict on the two charged counts of use of a firearm in relation to bank robbery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Facts and Proceedings
 
 3
 Garrett was charged in a second superseding indictment with four counts of armed bank robbery and two counts of use of a firearm in relation to the robberies of the Juanita Branch of Seafirst Bank ("Seafirst-Juanita") and First Interstate Bank.
 
 
 4
 At trial, Garrett admitted to committing the four bank robberies but denied using a firearm. He testified that he used a repainted toy squirt gun[1] in robbing three of the banks, including Seafirst-Juanita and First Interstate, and a B-B pistol in robbing the fourth bank.
 
 
 5
 The jury began its deliberations on the afternoon of May 22, 1990, after one and one-half days of trial. At 4:15 p.m., the jury sent the judge a note saying, "A question has come up as to why he left the pellet gun in his pants. Could we has (sic) his answer to that question from his testimony?" (ER 10). The judge responded, "You are to rely on your collective recollection of the testimony presented." (ER 11).
 
 
 6
 At 10:30 am the following morning, the jury sent the judge a second note stating, "We have reached a verdict on counts I, II, IV and VI [the armed robbery counts]; however, we cannot reach a verdict on counts III and V [the firearm counts]. So, our question is; what do we do from here?" (ER 12). After conferring with counsel, the judge read the jury the portion of the transcript that responded to their first question and instructed the jury to "... go back and continue deliberations to see if you can reach a verdict." (ER 13).
 
 
 7
 At 2:50 p.m., the jury wrote the judge, "We are unable to reach a unanimous vote on counts III and V. We've all discussed and re-discussed all aspects of this trial and still cannot come to a unanimous verdict. Where to now?" (ER 14). Over the objection of Garrett's counsel, the judge at 3:25 p.m. delivered a modified Allen charge to the jury. She asked those jurors in the minority to reevaluate their opinions and reminded all jurors of their "duty to agree upon a verdict if [they] can do so, "but cautioned that "no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence." (ER 15, 16). At 4:55 p.m., the jury returned a verdict of guilty on the four counts of armed bank robbery and use of a firearm in relation to the robbery of First Interstate, and not guilty of use of a firearm in relation to the robbery of Seafirst-Juanita.
 
 Discussion
 
 8
 Garrett contends that the district court erred in delivering an Allen charge to the jury because the charge coerced the jury's split verdict on the firearms counts. This contention lacks merit.
 
 
 9
 We review jury instructions for an abuse of discretion, viewing them as a whole. United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988). "The test for impropriety of an Allen charge is whether, in its context, the instruction had a coercive effect." Id. "This circuit evaluates coerciveness on the basis of (1) the form of the instruction; (2) the period of deliberation following the Allen charge; (3) the total time of jury deliberations; and (4) the indicia of coerciveness or pressure upon the jury." Id. (citations omitted).
 
 
 10
 Here, the form of the instruction was not coercive. The district court did not tell the jurors that they had to reach a dispositive verdict. In encouraging jurors in the minority to reevaluate their positions, the court explicitly cautioned them not to abandon their honest beliefs. See United States v. Bonam, 772 F.2d 1449, 1450-51 (9th Cir.1985) (upholding Allen charge where district court's request that those jurors in the minority re-examine their views was counterbalanced by caution that no juror "should yield a conscientious conviction" in order to achieve unanimity).
 
 
 11
 The jury deliberated for approximately seven hours prior to the court's delivery of the Allen charge and reached a verdict one and one-half hours after its delivery. The verdict was not rendered in so short a period of time as to raise a suspicion of coercion. See Bonam, 772 F.2d at 1451 (no coercion where court delivered Allen charge after the jury had deliberated for a day and reached a verdict one and one-half hours after delivery of the charge).
 
 
 12
 Finally, the record reveals no coerciveness or pressure on the jury. Although the judge indicated to counsel that she was unwilling to keep the jury much longer and excluded from the Allen charge language telling the jurors that they could be leisurely in their deliberations, the judge avoided coercive deadlines or threats in delivering the charge to the jury. The judge delivered the Allen charge only once, and was unaware of how the jurors stood at the time she delivered the charge. See United States v. Hooton, 662 F.2d 628, 637 (9th Cir.1981) (finding no coerciveness or pressure on the jury where trial judge was unaware of how the jury stood, gave the Allen charge only once, and avoided coercive deadlines or threats), cert. denied, 455 U.S. 1004 (1982).
 
 
 13
 We conclude that the Allen charge did not have a coercive effect on the verdict.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Garrett had made small plastic props to be used in films during his previous employment as a propmaker for a motion picture production company