983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul LOPEZ-MESA, aka: Paul Lopez, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugenio FERNANDEZ, Defendant-Appellant.
 No. 89-50698.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Jan. 15, 1993.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raul Lopez-Mesa and Eugenio Fernandez appeal their convictions and sentences for conspiracy to distribute cocaine. 21 U.S.C. § 846.
 
 
 3
 A. Each defendant claims the district court used an impermissible Allen charge to dynamite a deadlocked jury. See Allen v. United States, 164 U.S. 492 (1896). Because no objection was raised below, we review for plain error. See, e.g., United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. ---- (U.S. Oct. 26, 1992) (No. 92-6409). Under this highly deferential standard of review, we disturb a district court's instruction only to prevent a miscarriage of justice or to preserve the integrity of the judicial system. See, e.g., United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992).
 
 
 4
 The defendants' sole argument is that the instruction was unduly coercive because it didn't admonish jurors with conscientiously-held beliefs that they shouldn't surrender them. This argument puts the cart before the horse, though, because such safeguards are only necessary when coercion is present. See United States v. Garner, 663 F.2d 834, 841 (9th Cir.1981) (upholding Allen charge despite absence of admonition where not otherwise coercive), cert. denied, 456 U.S. 905 (1982). We examine the totality of the circumstances to determine whether the instruction was coercive enough to necessitate cautionary language. United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988); United States v. Beattie, 613 F.2d 762, 765 (9th Cir.), cert. denied, 446 U.S. 982 (1980).
 
 
 5
 The district judge gave the instruction once and only once. See United States v. Ajiboye, 961 F.2d 892, 894 (9th Cir.1992). He didn't tell the jurors they must render a verdict; rather, he requested only that they "try very, very hard." RT 7/27/89 at 10; see United States v. Ramirez, 710 F.2d 535, 544 (9th Cir.1983) (no coercion where district court told jurors their inability to reach a verdict was "unacceptable" and ordered them to continue deliberating). He then dismissed the jury overnight and told the jurors to "[j]ust put it out of [their] minds." RT 7/27/89 at 10. The jury didn't return an immediate verdict, but rather deliberated two more hours the next day. See United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985) (guilty verdict reached 1 1/2 hours after Allen charge "was not an immediate post-charge guilty verdict nor was the verdict rendered in such a short period of time as to raise a suspicion of coercion"). Even then, the jury still hung on one count, further suggesting they hadn't been stampeded. See United States v. Foster, 711 F.2d 871, 884 (9th Cir.1983) (coercion unlikely where jury renders discriminating verdicts), cert. denied, 465 U.S. 1103 (1984). Based on the totality of the circumstances, the failure to give an admonition regarding the surrender of conscientiously-held beliefs wasn't plain error.
 
 
 6
 B. Both defendants challenge the district court's finding that the weight of the drugs involved in their conspiracy was five kilograms. See A.E.R. 22-23. Although the actual weight of cocaine is relevant to a conviction for possession, these defendants were convicted only of conspiracy--the possession count was ultimately dismissed. Defendants' offer to prove they actually possessed less than five kilograms was therefore irrelevant, because the amount under negotiation, rather than actual amount, is the relevant criterion for a conspiracy sentence. See United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990); United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1991). For the same reason, we reject the defendants' claim that they were entitled to a hearing on the weight of drugs.
 
 
 7
 Defendants also argue they were entitled to present the issue of the weight of the drugs to the jury. Although due process requires every element of the offense to be determined beyond a reasonable doubt by the trier of fact, see In re Winship, 397 U.S. 358 (1970), here the weight of the drugs isn't a substantive element of the offense, but rather is relevant only for sentencing purposes. See 21 U.S.C. § 846 (penalty for conspiracy is same as penalty for underlying offense); 21 U.S.C. § 841 (weight of drugs treated separately under penalty provisions); see also United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992).
 
 
 8
 C. At trial, Fernandez's lawyer tried to ask the case agent whether Fernandez's fingerprints had been found on the cocaine; the district court sustained the prosecutor's relevance objection. Fernandez argues this was error, because the agent's testimony that Fernandez's fingerprints weren't found on the cocaine would have helped prove Fernandez never touched it.
 
 
 9
 A district court's relevance ruling is reviewed for abuse of discretion. E.g., United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991). The absence of a person's fingerprints on an object does not necessarily tend to show he hasn't touched it. United States v. Navarro-Varelas, 541 F.2d 1331, 1334 (9th Cir.1976) (not an abuse of discretion to exclude evidence of lack of fingerprints on relevance grounds), cert. denied, 429 U.S. 1045 (1977); see also Scott v. Henrich, No. 91-35429, slip op. 12465, 12473 (9th Cir. Oct. 15, 1992) (explaining many possible reasons for absence of fingerprints). Even if the absence of Fernandez's fingerprints on the cocaine might have been marginally relevant to proving he wasn't involved in the conspiracy, the district court's ruling excluding the evidence was not an abuse of discretion.
 
 
 10
 D. Lopez-Mesa fled from officers at the time of his arrest. The district court enhanced his sentence two levels under U.S.S.G. § 3C1.1, which allows an increase "[i]f the defendant willfully obstructed or impeded ... the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Our decision in United States v. Garcia, 909 F.2d 389, 392 (9th Cir.1990), however, makes clear that " '[m]ere flight in the immediate aftermath of a crime' does not justify the enhancement." The government conceded in its briefs and at oral argument that the district court erred in enhancing Lopez-Mesa's sentence for fleeing arrest. A remand is therefore required for resentencing.
 
 Conclusion
 
 11
 Lopez-Mesa's sentence is VACATED and REMANDED for the limited purpose of subtracting the two-level increase for obstruction of justice. Both defendants' convictions are AFFIRMED in all other respects.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3