996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Richard CLARK, Defendant-Appellant.
 No. 92-50409.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-0965-SVW, Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Richard Clark appeals his conviction, following a jury trial, for two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d). Clark contends that the district court coerced the jury during its deliberations. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "In assessing the coerciveness of a supplemental jury instruction, we look to the form of the jury charge, the period of deliberation following the charge, the total time of deliberation, and other indicia of coerciveness or pressure." United States v. Cuozzo, 962 F.2d 945, 951 (9th Cir.), cert. denied, 113 S.Ct. 475 (1992). Because Clark did not raise an objection to the district court's instruction at trial, we review only for plain error. United States v. Marchini, 797 F.2d 759, 767 (9th Cir.1986), cert. denied, 479 U.S. 1085 (1987).
 
 
 4
 Here, the jury trial lasted less than a day. At 3:25 p.m., the jury began deliberating. At approximately 4:00 p.m., the district court received notes from the jury foreman communicating one juror's need to leave early that afternoon to pick up a child and another juror's dental appointment the next morning at 8:00 a..m. The district court recalled the jury and gave the following instruction:
 
 
 5
 THE COURT: My practice is not to dismiss jurors early because we try to maximize time and unlike the State system where people perform half days, we try and perform full days, and trial days are relatively long and they are supposed to be. So, unless there is some compelling reason, I want the jury to deliberate until five o'clock.
 
 
 6
 Now I understand that one juror had some problem. Was she able to resolve that problem.
 
 
 7
 JUROR 1: No.
 
 
 8
 THE COURT: That really ties us up. And I don't mean to embarrass anyone, but I wish I had known that at the beginning.
 
 
 9
 In any event, if you have this problem, that gives us no recourse but to dismiss the jury at this time because you have a long ride; isn't that right.
 
 
 10
 JUROR 1: Yes.
 
 
 11
 ....
 
 
 12
 THE COURT: Well, it isn't my practice to dismiss jurors early, but I know [sic] choice. So, I am going to dismiss you for the evening and you will have to come back tomorrow morning at 9:00 o'clock.
 
 
 13
 Is there someone who said they couldn't be here at 9:00 o'clock?
 
 
 14
 ....
 
 
 15
 JUROR 2: I have a Doctor's appointment at 8:00 o'clock.
 
 
 16
 ....
 
 
 17
 I could stay the rest of the day, though.
 
 
 18
 ....
 
 
 19
 THE FOREMAN: Your Honor, we can go back up and see if we can come to agreement?
 
 
 20
 We are very close right now.
 
 
 21
 THE COURT: Well, I don't want to hear where you are and I'm not interested in your expediting your deliberations in the interest of reaching a unanimous verdict.
 
 
 22
 You are to take as much time as the case requires. And if the [case] requires coming back tomorrow or the day after and the day after, then so be it. The interest[s] of justice are paramount. Now there should be no thought of anyone rushing to a decision.
 
 
 23
 Now ... [Juror 1], are you telling me that in light of the hour now that you can deliberate no longer tonight or not?
 
 
 24
 JUROR 1: It's already too late. I had an appointment at 2[ ] o'clock.
 
 
 25
 THE COURT: In that event, since your appointment is already by the boards, why don't the members of the Jury continue on with their deliberations, understanding that you feel to [sic] time constraint whatever. Just do the right thing under the law and forget about time constraints (ER at 21-23).
 
 
 26
 The jury resumed deliberating at 4:10 p.m. and returned a guilty verdict before 5:00 p.m.
 
 
 27
 Clark contends that the jury was coerced into reaching a verdict. In support of this contention, he points to the language of the district court's instruction, the foreman's statement in response to it, and the shortness of jury deliberations after the instruction. This contention lacks merit.
 
 
 28
 Although the foreman stated that the jury was close to a verdict, the district court stated that it was not interested in where the jury stood. The district court then told the jurors that they should feel no time constraints and take all the time necessary to reach a verdict. See United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985) (no coercion where jury not frustrated over inability to reach a verdict, district court unaware of how the jury stood, and district court told jurors to take all the time they felt necessary) (per curiam). Considering the fact that the jury was close to a verdict together with the shortness of the trial, the period of time in which the verdict was rendered after the instruction was not suspiciously short. See id. (verdict rendered one and one-half hours after instruction did not give rise to suspicion of coercion given simplicity of issue presented at trial). Under the circumstances, we conclude that the district court's comments express nothing more than "concern ... for the comfort and well being of the jury, as well as a desire, reasonably expressed, of a busy court to get on with the litigation before it." Roberts v. United States, 239 F.2d 467, 469 (9th Cir.1956). There is no plain error. See Marchini, 797 F.2d at 767.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3