35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin CUNNINGHAM, Defendant-Appellant.
 No. 93-30317.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 31, 1994.
 
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Cunningham was convicted by a jury of conspiracy to propagate marijuana in violation of 21 U.S.C. Secs. 846 and 841(a)(1) and (b)(1)(A), manufacturing marijuana by propagation in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A) and 18 U.S.C. Sec. 2, and possession with intent to distribute marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A), and 18 U.S.C. Sec. 2. On appeal, Cunningham contends that the district court abused its discretion by admitting hearsay evidence to prove that the number of marijuana plants involved in each offense exceeded one thousand. Cunningham also asserts that the district court erred in admitting evidence of his prior involvement in an uncharged marijuana growing operation. Finally, Cunningham argues that the district court abused its discretion by giving the jury a coercive Allen charge.
 
 
 3
 We affirm Cunningham's conviction because we conclude that the district court did not abuse its discretion in admitting the challenged evidence or in giving the jury an Allen charge. The district court also correctly ruled that the evidence of Cunningham's prior involvement in an uncharged marijuana growing operation was admissible pursuant to Rules 404(b) and 403 of the Federal Rule of Evidence.
 
 I.
 
 4
 At trial, Special Agent Jeffrey Eig of the Drug and Enforcement Agency testified that he found evidence of a marijuana growing operation at Cunningham's residence located at 8803 Ravenna Avenue North (Ravenna premises). Special Agent Eig stated that, during the execution of a search warrant at the Ravenna premises, he and other agents found a total of 1,204 marijuana plants, and equipment used in growing marijuana.
 
 
 5
 Marcia Wuest testified, pursuant to a grant of immunity, that she had observed Cunningham providing assistance with the marijuana operation at the Ravenna premises. Over Cunningham's objection, Wuest also asserted that Cunningham had previously provided assistance to her in growing marijuana at her residence. Wuest was not charged in the superseding indictment.
 
 
 6
 Cunningham did not present any evidence at trial. After approximately six hours of deliberation, the jury sent a note to the district judge indicating that they were deadlocked. Over Cunningham's objection, the court gave a modified Allen instruction. The jury returned a guilty verdict approximately one hour later. The jury also affirmatively answered special verdict forms that inquired whether 1,000 or more marijuana plants were involved in each of the offenses. Cunningham was sentenced to 121 months in prison, followed by a five year term of supervised release. This appeal followed.
 
 II.
 
 7
 Cunningham contends the district court "erred by permitting hearsay testimony to establish the number of plants ... where the number of plants to determine the applicable mandatory minimum term of imprisonment was an issue for the jury's determination." Appellant's Opening Brief (AOB) at 7 (citations omitted). Cunningham maintains that "because the number of plants was treated as an element of the offense for the jury's determination, testimony by one other than the one counting the plants did not fall within the exception to the hearsay rule." Id. Cunningham asserts that a new trial is required because "without the testimony [about] the 308 plants" that were counted by Special Agent Parr, the jury would not have found him "responsible for three criminal offenses involving more than 1,000 plants each." AOB at 10.
 
 
 8
 The record demonstrates that Cunningham requested the special verdict forms that required the jury to determine whether "the government proved beyond a reasonable doubt that [each of the offenses] involved one thousand (1,000) or more marijuana plants." The district court granted Cunningham's request. The court reasoned that because the indictment alleged that an excess of one thousand plants were involved in each offense, the number of plants was an element of the offenses that had to be proven by the prosecution. The district court erred in concluding that the number of marijuana plants was an element of the offenses charged in the superseding indictment. Surplus alleged in an indictment is "unnecessary for the government to prove." United States v. Kartman, 417 F.2d 893, 894 (9th Cir.1969). The determination of the quantity of narcotics is an issue for the district court at sentencing; it is not a jury question. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991); cert. denied, 112 S.Ct. 1186 (1992). Thus, the admission of evidence concerning the total number of marijuana plants was not relevant to the issue of guilt or innocence. The evidence was, however, relevant and admissible to determine Cunningham's penalty for the convictions. Special Agent Eig's testimony regarding Special Agent Parr's extrajudicial statement clearly would have been admissible at the sentencing hearing. United States v. Petty, 982 F.2d 1365, 1367 (9th Cir.1993) (citing Williams v. New York, 337 U.S. 241 (1949)), amended by, 992 F.2d 1015, cert. denied, 114 S.Ct. 683 (1994).
 
 
 9
 The district court admitted the challenged evidence at trial under the present sense impression exception to the hearsay rule. Fed.R.Evid. 803(1). A trial court's decision to admit hearsay evidence is reviewed for abuse of discretion. "If hearsay testimony is admitted erroneously, the reviewing court must determine whether the error was harmless beyond a reasonable doubt." United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1990) (citation omitted), cert. denied, 112 S.Ct. 1598 (1992). If the admission of the alleged hearsay evidence is harmless beyond a reasonable doubt, we need not resolve Cunningham's evidentiary challenge. See United States v. Jennell, 749 F.2d 1302, 1306-07 (9th Cir.1984) (court declined to address defendant's evidentiary argument because any alleged constitutional violation was harmless beyond a reasonable doubt), cert. denied, 474 U.S. 837 (1985).
 
 
 10
 Cunningham does not argue that he was prejudiced by the admission of the extrajudicial declaration. Instead, he asserts that without such evidence the jury could not have found that more than one thousand plants were in the residence. As discussed above, the presentation of evidence concerning the number of plants found during the search was required by the district court in response to Cunningham's request, notwithstanding the fact that it was not relevant to prove his guilt or innocence.
 
 
 11
 We need not determine whether the district court abused its discretion in admitting the extrajudicial declaration because the alleged error was harmless beyond a reasonable doubt. Clauter and Wuest testified that Cunningham assisted in the marijuana growing operation. Clauter further asserted that Cunningham shared in the profits from the illegal enterprise. Cunningham's fingerprint matched a partial fingerprint taken from the marijuana growing equipment. As discussed above, the Government had no duty to prove the number of plants alleged in the superceding indictment in order to sustain a conviction. The unchallenged evidence that 895 marijuana plants were discovered adequately demonstrates Cunningham's guilt of conspiring to propagate marijuana, manufacturing marijuana, and possessing marijuana with intent to distribute.
 
 III.
 
 12
 Cunningham next contends that the district court erred by admitting Marcia Wuest's testimony and documentary evidence of Cunningham's assistance in Wuest's marijuana growing operation at her 3rd Avenue residence. Cunningham argues that this evidence was inadmissible because it demonstrated criminal disposition and did not come within the prior acts exception set forth in Rule 404(b) of the Federal Rules of Evidence. Fed.R.Evid. 404(b). Cunningham maintains that, even if he did in fact assist Wuest in starting her marijuana growing operation, such conduct does not prove that he participated in a marijuana growing conspiracy at the Ravenna premises seven months later.
 
 
 13
 The district court's decision to admit evidence of prior acts under Rule 404(b) is reviewed for abuse of discretion. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). Rule 404(b) provides that, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed.R.Evid. 404(b). We have interpreted Rule 404(b) "as being a rule of inclusion." United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991) (internal quotations and citation omitted). "Evidence of other crimes or acts is admissible under Rule 404(b), except where it tends to prove only criminal disposition." Id. (internal quotations and citations omitted).
 
 
 14
 We have held that prior acts evidence must satisfy the following four requirements: "(1) it must prove a material element of the [charged] offense ...; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based on sufficient evidence; and (4) the prior conduct must not be too remote in time." Arambula-Ruiz, 987 F.2d at 602 (citation omitted). In addition, the evidence is only admissible if, under Rule 403 of the Federal Rules of Evidence, the probative value of the evidence outweighs its prejudicial effect. Id.
 
 
 15
 In this matter, the challenged evidence was admissible to prove Cunningham's intent to distribute and his knowledge of marijuana growing operations. At trial, Marcia Wuest testified that she resided at the 3rd Avenue premises and started to grow marijuana at her premises in the fall of 1990. She asserted that Cunningham assisted her in her operation at the 3rd Avenue premises by providing equipment and marijuana cuttings. That conduct was similar to the crimes charged in the indictment.
 
 
 16
 Wuest stated that she wrote a note addressed to Pam Davis, identified as Exhibit No. 61, that was found at the 3rd Avenue premises, stating, "Pam. Kevin came over. He is going to give me some cuttings ..." Wuest explained that Exhibit No. 61 referred to the fact that Cunningham gave her some marijuana cuttings. Wuest also asserted that Exhibit 64 referred to money she owed Cunningham for items that she used for her marijuana growth operation. Wuest testified that she saw Cunningham assist in the marijuana operation at the Ravenna premises. Wuest's testimony and the documentary evidence found at the 3rd Avenue premises linking Cunningham to that operation is relevant to show Cunningham's intent, his method of operation, and his knowledge of marijuana growing operations.
 
 
 17
 Cunningham's assistance in the marijuana production at the 3rd Avenue residence was not too remote in time from the crimes charged. It occurred just a few months prior to the commencement of the conspiracy charged in the superseding indictment. See United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990) (Defendant's conviction five years prior to the charge at issue was not too remote). The superseding indictment alleged a conspiracy, "[b]eginning at a time unknown but sometime in 1991, and continuing until on or about January 13, 1992." Wuest testified that Cunningham provided her with assistance in her marijuana operation during the fall of 1990. Wuest believed that she wrote Exhibits 61 and 64 sometime in the winter of 1990. Cunningham's conduct at the 3rd Avenue premises and his involvement in the conspiracy at the Ravenna premises were only several months apart.
 
 
 18
 Cunningham also contends that, even if the evidence is admissible under Rule 404(b), its prejudicial impact renders it excludable under Rule 403 of the Federal Rules of Evidence. "We review the district court's decisions balancing the probative value of the evidence against its prejudicial effect for abuse of discretion." United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 19
 In this matter, the record demonstrates that the district court evaluated the prejudicial impact of the evidence and determined that it was outweighed by its probative value. The district court stated that "I am satisfied with the testimony of Ms. Wuest and the exhibits that were recovered at the [3rd Avenue premises] are admissible as probative of the charges against Mr. Cunningham." The court also stated, "I believe ample protection is given in Instruction No. 10 and Instruction No. 14A, both of which admonish the jury in ways relevant to the present [question].[1]
 
 
 20
 Cunningham has failed to demonstrate that the admission of evidence of his prior acts was unfairly prejudicial. See United States v. Simas, 937 F.2d 459, 464 (9th Cir.1991) (evidence admitted under Rule 404(b) was not error, even though damaging, in part because defendant failed to show how it resulted in unfair prejudice); United States v. Sitton, 968 F.2d 947, 958 (9th Cir.) (relevant evidence admitted under Rule 404(b) was not plain error because it did not result in unfair prejudice), cert. denied, 113 S.Ct. 478 (1992). Given that the challenged evidence was probative on the issues of intent and knowledge, its prejudicial impact was not unfair. The evidence was properly admitted under Rule 404(b).
 
 IV.
 
 21
 Cunningham finally contends that the district court abused its discretion by giving the jury a coercive Allen charge. We review a challenge to an Allen charge for abuse of discretion, considering the instructions as a whole to determine "whether, in its context, the instruction had a coercive effect." United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988).[2] We evaluate "coerciveness on the basis of (1) the form of the instruction; (2) the period of deliberation following the Allen charge; (3) the total time of jury deliberations; and (4) the indicia of coerciveness or pressure upon the jury." United States v. Foster, 711 F.2d 871, 884 (9th Cir.1983) (citation omitted), cert. denied, 465 U.S. 1103 (1984).
 
 
 22
 Cunningham maintains that the Allen charge was coercive because the jury returned guilty verdicts within one hour of the Allen charge, having deliberated for six hours prior to the charge. The time that elapsed between the Allen charge and the verdict is not dispositive of the issue of coercive impact. United States v. Beattie, 613 F.2d 762, 765 (9th Cir.), cert. denied, 464 U.S. 982 (1980). We have rejected the argument that an Allen charge is coercive merely because a jury verdict is returned within a "short" period of time after the jury is instructed. Wauneka, 842 F.2d at 1089. In Wauneka, we held that the fact that the jury found the defendant guilty a "short" time after receiving an Allen charge from the district court did not establish that the instruction had a coercive effect on the jury. Id. We further noted that there was no evidence that the jury was frustrated over its inability to reach a verdict. Id.
 
 
 23
 The record in this matter establishes that the instruction was not impermissibly coercive under the test set forth in Wauneka. The district court instructed the jury members not to surrender an honest conviction as to how they viewed the case, solely because other jurors' views may differ or for the purpose of returning a verdict. See United States v. Ajiboye, 961 F.2d 892, 894 (9th Cir.1992) (noting that an Allen charge is less likely to be coercive if the jurors are reminded not to abandon their conscientiously held views). The court also stated that, "[e]ach juror must decide the case for himself or herself ...," that the jury should deliberate as leisurely as the occasion may require, and that the jury should take all the time they feel is necessary. See United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985) (whether the jury was instructed to deliberate leisurely may be one factor to consider in determining whether an Allen charge was coercive). Viewing the Allen charge in its context, we conclude it did not have an impermissible coercive impact on the jury.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 These instructions provide:
 Instruction No. 10: You are here only to determine whether the defendant is guilty of the charges in the Indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against the defendant.
 Instruction No. 14A: You must decide whether the conspiracy charged in the Indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the defendant was not a member of a charged conspiracy, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.
 
 
 [2]
 The Government argues that Cunningham waived his right to challenge the Allen charge on appeal because he did not object to the charge at trial. The record, however, shows that Cunningham's attorney objected to the giving of an Allen charge