89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo CAMPOS-PADILLA, Defendant-Appellant.
 No. 95-10293.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1996.*
Decided April 29, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfredo Campos-Padilla appeals his conviction after jury trial for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After careful consideration of the numerous assertions of error presented, we affirm.
 
 
 3
 * Campos-Padilla was the passenger in a silver pickup truck containing approximately 200 pounds of marijuana. After border patrol agents pulled over the truck, Campos-Padilla unsuccessfully tried to evade apprehension by leading the agents on a foot chase. He first contends that the district court erred in denying his motion to suppress all evidence gleaned after the border patrol agents activated their overhead lights based on a lack of reasonable suspicion to stop.
 
 
 4
 We review de novo whether there was founded suspicion to justify an investigatory stop. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988).
 
 
 5
 The key issue is when the "stop" occurred for Fourth Amendment purposes. In California v. Hodari, 499 U.S. 621 (1991), the Court held that a stop "requires either physical force ... or, where that is absent, submission to the assertion of authority." 499 U.S. at 626 (emphasis in original). Because Campos-Padilla did not submit to the agents' show of authority--their flashing lights--he was not stopped until agent Jason Heckler physically apprehended him. United States v. Santamaria-Hernandez, 968 F.2d 980, 983 (9th Cir.1992).
 
 
 6
 The mere fact that the pickup truck pulled over in response to the agents' overhead lights did not transform the situation into a momentary submission to authority. Leaving the truck behind with its motor still running, Campos-Padilla and the driver took flight into the brush almost immediately as agent Heckler stepped out of the border patrol car. Neither occupant paused to exchange any words with the border patrol agents. Cf. United States v. Morgan, 936 F.2d 1561, 1567 (10th Cir.1991), cert. denied, 502 U.S. 1102 (1992). The sequence of events reflects a decision to flee on foot, not a submission to authority. Cf. United States v. Hernandez, 27 F.3d 1403, 1406-07 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 7
 Thus, Campos-Padilla was not "seized" until physically restrained at the end of the foot chase. The determination of whether Agent Heckler had founded suspicion to justify a stop may take into account all of the events that occurred up to the time that he physically apprehended Campos-Padilla. Santamaria-Hernandez, 968 F.2d at 983.
 
 
 8
 The circumstances that led to agent Heckler's reasonable suspicion included: (1) sensor activity indicating traffic in the area, (2) a match in the detailed description and license plate of the silver pickup truck to one that had been seen scouting the area the night before, (3) the agents' observation of a vehicle pulling into a suspected load-out area and turning off its lights, (4) the partial concealment of a burlap sack, which is common packaging for marijuana, underneath the toolbox in the back of the truck, and finally, (5) Campos-Padilla's flight into the brush once Agent Heckler pulled the truck over. All of these factors taken together indisputably provided the agents with founded suspicion that the occupants of the pickup truck were engaged in criminal activity. United States v. Cortez, 449 U.S. 411, 417-18 (1981).
 
 II
 
 9
 Campos-Padilla next contends that the district court erred in admitting evidence of a two-year-old arrest for simple possession of marijuana. We review for abuse of discretion the district court's admission of evidence of prior bad conduct under Fed.R.Evid. 404(b). United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993).
 
 
 10
 We have consistently held that "prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982). Knowledge is an essential element of the charged offense. 21 U.S.C. § 841(a)(1). Campos-Padilla's defense at trial was that he was an innocent hitchhiker on his way to Tucson and that he did not know there was marijuana in the truck. In fact, he testified that he thought that the strong odor in the truck was the smell of a deodorant.
 
 
 11
 The government introduced evidence of Campos-Padilla's prior possession of a baggie of marijuana to show that he knew the smell of marijuana. The strong odor of marijuana in the truck should have thus alerted him to the presence of marijuana. United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991). The district court properly admitted Campos-Padilla's prior possession of marijuana, not to show criminal disposition, but to establish knowledge. United States v. Santa-Cruz, 48 F.3d 1118, 1119-20 (9th Cir.1995). Moreover, proof of the prior conduct was based upon sufficient evidence and the prior conduct was not too remote in time. Arambula-Ruiz, 987 F.2d at 603.
 
 III
 
 12
 Campos-Padilla also contends that the district court erred in admitting the expert testimony of Drug Enforcement Agent Christopher Roelke. We review the district court's admission of expert testimony for abuse of discretion. United States v. Von Willie, 59 F.3d 922, 928-29 (9th Cir.1995).
 
 
 13
 Campos-Padilla first argues that Roelke's testimony should have been excluded because the government failed to disclose Roelke as an expert witness pursuant to Fed.R.Crim.P. 16(a)(1)(E). This contention is without merit. Roelke's testimony does not fall within the ambit of the rule because it was presented during rebuttal--not the government's case in chief.
 
 
 14
 Campos-Padilla argues alternatively that the secrecy of narcotics smuggling organizations is not complex enough to warrant expert testimony under Fed.R.Evid. 702. We have on numerous occasions approved the admission of expert testimony by law enforcement officers regarding methods of operation in drug trafficking. See, e.g., United States v. Espinosa, 827 F.2d 604, 612-13 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988); United States v. Patterson, 819 F.2d 1495, 1507 (9th Cir.1987). Here, the government presented the expert testimony to rebut Campos-Padilla's defense that he had hitched a ride from a stranger he met in Nogales, who, unbeknownst to Campos-Padilla, was a marijuana smuggler. Roelke's testimony concerning the value of marijuana and secrecy of narcotics operations helped the jury understand how unlikely it would be for the driver of a truck loaded with $100,000 to $120,000 worth of marijuana to take on a hitchhiker without any precautions whatsoever. Moreover, the district court gave an appropriate limiting instruction on the use of and weight to be accorded an expert's testimony. Espinosa, 827 F.2d at 613. The district court did not abuse its discretion in admitting Roelke's expert testimony.
 
 IV
 
 15
 Campos-Padilla next contends that the trial court erred in denying his motion for a bill of particulars. We review the denial of a motion for bill of particulars for abuse of discretion. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir.1991).
 
 
 16
 Although the indictment against Campos-Padilla did not specify the weight of the marijuana he allegedly possessed, it put him on notice of the date, location and offense with which he was charged. Moreover, Campos-Padilla does not point to any evidence that the government withheld from him during discovery. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979). Nor does Campos-Padilla claim that he was surprised at trial by any of the government's evidence or that he was prejudiced by any alleged lack of particularity. Ayers, 924 F.2d at 1483. Under these circumstances, the district court did not abuse its discretion in denying Campos-Padilla's motion for a bill of particulars.
 
 V
 
 17
 Campos-Padilla also argues that the evidence was insufficient to sustain a conviction. We examine the sufficiency of the evidence to support a conviction by reviewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 18
 As a passenger in the pickup truck, Campos-Padilla "may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle." Sanchez-Mata, 925 F.2d at 1169; United States v. Behanna, 814 F.2d 1318, 1320 (9th Cir.1987).
 
 
 19
 There is a great deal of circumstantial evidence in this case beyond Campos-Padilla's mere presence in the truck, all of which points to his knowledge and constructive possession. United States v. Lennick, 18 F.3d 814, 820 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994). At trial Campos-Padilla denied knowledge of the presence of marijuana in the truck. At the time of his arrest, however, he had admitted that he saw the driver load marijuana onto the truck. We must assume that the jury resolved this evidentiary conflict in support of the verdict. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). The jury could also consider the implausibility of Campos-Padilla's post-arrest statement and his trial testimony. United States v. Valdovinos, 558 F.2d 531, 534 (9th Cir.1977); cf. United States v. Kenny, 645 F.2d 1323, 1346 (9th Cir.1981), cert. denied, 452 U.S. 920 (1981). For example, the truck's direction of travel and location east of Nogales contradicted Campos-Padilla's testimony that he was getting a ride from Nogales to Tucson, which is north of Nogales. Finally, the jury could reasonably conclude that based on his prior possession and use of marijuana, Campos-Padilla recognized the strong odor of unburnt marijuana in the truck and was aware of its presence. Sanchez-Mata, 925 F.2d at 1169.
 
 
 20
 In contrast to Sanchez-Mata, 925 F.2d at 1168, there is ample evidence that the marijuana was loaded onto the truck in Campos-Padilla's presence. Further, in Sanchez-Mata, we specifically noted that the defendant made no attempt to evade arrest. 925 F.2d at 1168. Here, by contrast, Campos-Padilla's flight was unequivocal. Campos-Padilla's attempt to flee on foot when the truck came to a stop is indicative of both his knowledge and possession of the marijuana in the truck. United States v. Christoffel, 952 F.2d 1086, 1089 (9th Cir.1991), cert. denied, 503 U.S. 996 (1992); United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990) (citing United States v. Morando-Alvarez, 520 F.2d 882, 884 (9th Cir.1975)).
 
 
 21
 Finally, the jury could infer intent to distribute from the quantity of marijuana seized from the truck--approximately 200 pounds. United States v. Innie, 7 F.3d 840, 844 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994).
 
 
 22
 We conclude that sufficient evidence supports the jury's verdict that Campos-Padilla knowingly possessed the marijuana with intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987).
 
 VI
 
 23
 Finally, Campos-Padilla ascribes error to the Allen instruction which the district court gave after the jury twice indicated an inability to reach a unanimous decision. We review an Allen instruction for abuse of discretion and reverse only where it is clear from the record that the Allen instruction "had an impermissibly 'coercive effect' on the jury." United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988); United States v. Ajiboye, 961 F.2d 892, 893 (9th Cir.1992).
 
 
 24
 The form of the instruction here was not coercive. The district court's Allen instruction was identical to the language that we approved in Ajiboye, 961 F.2d at 893 n. 1, with the exception of one final sentence added at Campos-Padilla's request to clarify that the jury could take as much time as needed to reach a verdict. Further, approximately nine and one-half hours of deliberation were not "so disproportionate to the task before the jury as to raise an inference" of coercion. United States v. Beattie, 613 F.2d 762, 766 (9th Cir.), cert. denied, 446 U.S. 982 (1980); United States v. Cuozzo, 962 F.2d 945, 952 (9th Cir.), cert. denied, 506 U.S. 978 (1992).
 
 
 25
 Nor was there any other indicium of coercion or pressure. The district court did not at any point mention the possible expense of a retrial. United States v. Mason, 658 F.2d 1263, 1266-67 (9th Cir.1981). There is no indication that the district court knew the numerical division of the jury, or even which way the jury was leaning. Wauneka, 842 F.2d at 1089; United States v. Easter, 66 F.3d 1018, 1023 (9th Cir.), cert. denied, 116 S.Ct. 547 (1995), and cert. denied, 116 S.Ct. 742 (1996); United States v. Lorenzo, 43 F.3d 1303, 1307-08 (9th Cir.1995). Thus, no juror had any reason to believe that the Allen charge was directed specifically to one side of the jurors as opposed to the other. Easter, 66 F.3d at 1023. Finally, there is no evidence to suggest that the district court gave the Allen charge in an atmosphere of frustration over the deadlock. United States v. Bonam, 772 F.2d 1449, 1451 (9th Cir.1985).
 
 
 26
 The only possible indication of coercion in this case is the relatively short period of deliberation following the Allen instruction--less than one hour and ten minutes. Cf. Bonam, 772 F.2d at 1451; United States v. Contreras, 463 F.2d 773, 774 (9th Cir.1972). While the time that elapsed between the Allen charge and the verdict is significant, it is not dispositive of the issue of coercive impact. Beattie, 613 F.2d at 765. We have rejected the argument that an Allen charge is coercive merely because the jury returned a verdict within a "short" period of time after the instruction. Wauneka, 842 F.2d at 1089. None of the other Allen factors supports a finding of coercion here. In the context of this case, the period of time between the charge and the verdict was not so short as to raise an inference of coercion.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3