**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50031 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:20-cr-02923-LAB-1 |
| JAHVARIS LAMOUN SPRINGFIELD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 8, 2023
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON,[**] District Judge.

Jahvaris Springfield appeals his conviction for distribution of fentanyl resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Springfield also appeals his 300-month sentence. The parties' familiarity with the briefing and record is assumed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

affirm.

1.	The district court did not clearly err in determining that Springfield's *Miranda* waiver was knowing and intelligent. *See United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (knowing-and-intelligent-waiver determination reviewed for clear error). Under the totality of the circumstances, the record supports a finding that Springfield was aware "of both the nature of the right being abandoned and the consequences of the decision to abandon it" when he answered the agents' questions. *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998) (en banc) (quotation omitted). Indeed, he was advised of his rights individually and in his native language, appeared to understand them, and referenced his experience with the criminal justice system before waiving his rights. *See United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007) (listing relevant factors). As to Springfield's claim that he smoked marijuana and ingested ecstasy in the hours before his questioning, the record does not indicate that he was so intoxicated that he lacked an understanding of his rights. *See Matylinsky v. Budge*, 577 F.3d 1083, 1095 (9th Cir. 2009).

2.	Nor were Springfield's inculpatory statements involuntary. *See United States v. Preston*, 751 F.3d 1008, 1020 (9th Cir. 2014) (en banc) (voluntariness reviewed de novo). Drug use does not render a confession involuntary where the statement is "the product of a rational intellect and a free will." *Medeiros v.*

2

*Shimoda*, 889 F.2d 819, 823 (9th Cir. 1989)) (citation omitted). Even assuming Springfield was intoxicated, Springfield answered the agents' questions in a reasonably lucid, responsive manner and the agents' conduct was not coercive, threatening, or otherwise improper. *See Preston*, 751 F.3d at 1018–19 (holding that courts must consider both the defendant's mental state and the officers' conduct in determining the voluntariness of a confession).

3. The district court did not abuse its discretion by issuing an instruction to the jury pursuant to *Allen v. United States*, 164 U.S. 492 (1896). *See United States v. Hernandez*, 105 F.3d 1330, 1333 (9th Cir. 1997) (*Allen* instructions reviewed for abuse of discretion and content of instructions reviewed for coerciveness). "In determining whether an *Allen* charge is coercive, the court examines: (1) the form of the instruction, (2) the time the jury deliberated after receiving the charge in relation to the total time of deliberation and (3) any other indicia of coerciveness." *United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002). The court delivered its *Allen* charge after the jury deliberated for over five hours and sent the court a note indicating that it had reached a "standstill." The instruction repeatedly indicated that the jury need not reach a verdict and framed suggested methods of deliberation neutrally. *See United States v. Bonam*, 772 F.2d 1449, 1451 (9th Cir. 1985) (per curiam) (explaining that this court has "generally upheld" instructions as non-coercive "[w]hen the portion of the instruction that asks the minority to re-examine

its views is counterbalanced by the caution that a juror should not abandon his conscientiously held views"). We accord the fact that the jury deliberated for only a short period after the district court delivered the *Allen* charge less weight because the jury recessed for an entire evening just before hearing the charge. *See Steele*, 298 F.3d at 911 ("The fact the jury reached its verdict half an hour after returning from a weekend recess could merely reflect that the jurors came to a resolution during a weekend when they individually pondered the evidence."); *United States v. Beattie*, 613 F.2d 762, 765 (9th Cir. 1980) ("While the time elapsed between charge and verdict is significant, it is not dispositive of the issue."); *Hernandez*, 105 F.3d at 1333–34 (holding that forty minutes of deliberation after *Allen* instruction was "not so short as to raise the specter of coercion" where the jury had already deliberated for four and a half hours). No other relevant indicia of coerciveness exist.

4.      The district court properly denied Springfield's motion for a new trial because the defense investigator's declaration about the jury foreman's statements concerning juror deliberations was inadmissible pursuant to Federal Rule of Evidence 606(b). *See United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019) (denial of new trial motion reviewed for abuse of discretion). Our court has previously held that Rule 606(b) bars consideration of post-verdict juror statements indicating that jurors considered the defendant's failure to testify at trial during deliberations. *United States v. Rutherford*, 371 F.3d 634, 639–40 (9th Cir. 2004).

4

Springfield proposes a novel constitutional exception to Rule 606(b) for evidence showing jurors considered a defendant's decision not to testify at trial. However, the Supreme Court has rejected similar proposed constitutional exceptions. *See Tanner v. United States*, 483 U.S. 107, 126–27 (1987) (no constitutional exception for statements showing extreme juror misconduct); *Warger v. Shauers*, 574 U.S. 40, 50–51 (2014) (no constitutional exception for statements showing dishonesty during *voir dire*). Springfield analogizes his proposed exception to the racial animus exception to Rule 606(b). *See Pena-Rodriguez v. Colorado*, 580 U.S. 206, 221–25 (2017) (recognizing narrow exception to Rule 606(b) for the "distinct" and "unique" issue of racial bias in the jury). But even if we recognized a similar exception here, the hearsay-on-hearsay declaration Springfield presented to the district court in this case would not meet the high evidentiary burden required to overcome Rule 606(b). *See id.* at 225–26 (holding that whether a showing of impermissible bias "has been satisfied is a matter committed to the substantial discretion of the trial court in light of all the circumstances, including the content and timing of the alleged statements and the reliability of the proffered evidence").

5. The district court did not abuse its discretion in imposing a 300-month sentence. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009) (substantive reasonableness of sentence reviewed for abuse of discretion). The sentence imposed falls below the Guidelines range of 360 months to life. *See United States v. Kabir*,

51 F.4th 820, 829 (9th Cir. 2022) ("[T]he fact that the district court . . . imposed a below-Guidelines sentence is suggestive of its reasonableness.").  Upon review of the record, we lack "a definite and firm conviction that the district court committed a clear error of judgment" in imposing its sentence.  *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).  We therefore conclude that the sentence in this case "fall[s] comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (citation omitted).

**AFFIRMED.**